# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SPECIAL COUNSEL EX REL. BRIAN HAWKINS, Petitioner, | DOCKET NUMBER CB-1208-17-0024-U-1 |
| v. | DATE: August 2, 2017 |
| DEPARTMENT OF VETERANS AFFAIRS, Agency. | |

## THIS STAY ORDER IS NONPRECEDENTIAL[1]

David Lamine Hendrix, Washington, D.C., for the petitioner.

Debra L. Roth, Esquire, Washington, D.C., for the relator.

W. Iris Barber, Washington, D.C., for the agency.

### BEFORE

Mark A. Robbins, Vice Chairman

### ORDER ON STAY REQUEST

¶1 Pursuant to 5 U.S.C. § 1214(b)(1)(A), the Office of Special Counsel (OSC) requests that the Board stay for 45 days the agency's June 9, 2017 proposed

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

removal of Brian Hawkins while OSC completes its investigation and legal review of the matter and determines whether to seek corrective action. For the reasons discussed below, OSC's request is GRANTED.

## BACKGROUND

¶2        In its July 28, 2017 initial stay request, and its July 31, 2017 amended stay request, OSC asserts that it has reasonable grounds to believe that the agency's proposal to remove Mr. Hawkins from his position as Medical Center Director of the agency's Washington, D.C., Veterans Administration Medical Center (VAMC) violates 5 U.S.C. § 2302(b)(12). In support of its stay request, OSC alleges the following.

¶3        In January 2017, after becoming aware of findings by the agency's Central Office Logistics Team, Mr. Hawkins emailed the former Central Office Acting Procurement Officer requesting assistance with improving the Logistics Department and initiated an administrative investigation to look into the identified deficiencies. On March 13, 2017, Mr. Hawkins informed the agency's Office of Inspector General (OIG) of his concerns regarding the VAMC Logistics Department and, on April 6, 2017, met with OIG investigators. Shortly thereafter, on April 12, 2017, OIG issued an Interim Summary Report identifying a number of deficiencies at the VAMC that placed patients at unnecessary risk. The next day, the agency temporarily reassigned Mr. Hawkins to the Office of Deputy Undersecretary of Health for Operations and Management, where he has since not performed any substantive duties.

¶4        On June 7, 2017, the Deputy Undersecretary suggested to Mr. Hawkins that he resign in light of the OIG Interim Summary Report. Mr. Hawkins apparently did not resign, and, on June 9, 2017, the agency proposed to remove him for allegedly failing to exercise effective oversight, follow instructions, follow policy, and for lack of candor.

¶5    In addition to Mr. Hawkins's complaint, OSC received complaints of whistleblower reprisal from two other individuals who allege that the agency's action in proposing Mr. Hawkins's removal violated agency laws, rules, and regulations, and his right to due process.

## ANALYSIS

¶6    Under 5 U.S.C. § 1214(b)(1)(A)(i), OSC may request that any member of the Merit Systems Protection Board order a stay of any personnel action for 45 days if OSC determines that there are reasonable grounds to believe that the personnel action was taken, or is to be taken, as a result of a prohibited personnel practice.  Such a request shall be granted unless the Board member determines that, under the facts and circumstances involved, such a stay would not be appropriate.  5 U.S.C. § 1214(b)(1)(A)(ii).  OSC's stay request need only fall within the range of rationality to be granted, and the facts must be reviewed in the light most favorable to a finding of reasonable grounds to believe that a prohibited personnel practice was (or will be) committed.  *See Special Counsel ex rel. Aran v. Department of Homeland Security*, 115 M.S.P.R. 6, ¶ 9 (2010).

¶7    At issue in this stay request is 5 U.S.C. § 2302(b)(12), which provides that it is a prohibited personnel practice to "take or fail to take any other personnel action if the taking of or failure to take such action violates any law, rule, or regulation implementing, or directly concerning, the merit system principles contained in section 2301 of this title."  The Board has held that, to establish that an agency's action constitutes a prohibited personnel practice under section 2302(b)(12), the following two factors must be met:  (1) the action violates a law, rule, or regulation; and (2) the violated law, rule, or regulation is one that implements or directly concerns the merit system principles.  *Wells v. Harris*, 1 M.S.P.R. 208, 242-43 (1979); *see Special Counsel ex rel. Meyers v. Department of Housing and Urban Development*, 111 M.S.P.R. 48, ¶ 16 (2009)

(extending a stay based on OSC's allegations that the agency's failure to appoint the relator was based on a nonmerit factor in violation of section 2302(b)(12)).

¶8    Here, OSC appears to argue that there are reasonable grounds to believe that the proposed removal violates the merit system principle set forth in 5 U.S.C. § 2301(b)(2), which provides that agencies give "proper regard" to employees' constitutional rights.  OSC also cites to 5 U.S.C. §§ 7513 and 7701, but does not explain its claim that Mr. Hawkins's proposed removal was based on a violation of these statutes.[2]  The Board previously has held that the procedures set out in 5 U.S.C. § 7513(b) can be interpreted as giving effect to the part of 5 U.S.C. § 2301(b)(2) that requires respect for the constitutional rights of employees when personnel actions are taken.  *Special Counsel ex rel. Fletcher v. Department of Veterans Affairs*, 75 M.S.P.R. 219, 222 (1997).  OSC appears to contend that the proposal notice in this case was implemented in a manner that did not comply with due process or section 7513.

¶9    Given the deference that generally should be afforded to OSC in the context of an initial stay request and the assertions made in its stay request, and considering that 5 U.S.C. § 7513 arguably implements or directly concerns the merit system principles, I find that there are reasonable grounds to believe that the proposed removal violates 5 U.S.C. § 2302(b)(12).[3]

---

[2] Section 7513 provides that an employee facing an adverse action under chapter 75 is entitled to, among other things, advance notice stating the specific reasons for the proposed action and an opportunity to respond.  5 U.S.C. § 7513(b).  Section 7701 provides, among other things, that an employee may appeal an adverse action to the Board and that the Board will not sustain an agency decision if the employee shows harmful error in the application of the agency's procedures in arriving at such a decision, that the decision was based on a prohibited personnel practice described in section 2302(b), or that the decision was not in accordance with law.  5 U.S.C. § 7701(a), (c)(2).

[3] In light of this finding, I do not reach the issue of whether granting OSC's stay request would be appropriate as to its unspecified claim that the agency violated 5 U.S.C. § 7701.

**ORDER**

¶10      Based on the foregoing, I conclude that granting OSC's stay request is appropriate.  Accordingly, a 45-day stay of the agency's proposal to remove Mr. Hawkins is GRANTED.  The stay shall be in effect from August 2, 2017, through and including September 15, 2017.  It is further ORDERED that:

   (1)   During the pendency of this stay, Mr. Hawkins shall be reinstated to the position he held prior to the proposed removal and the agency shall not effect his removal;

   (2)   The agency shall not effect any changes in Mr. Hawkins's duties or responsibilities that are inconsistent with his salary or grade level or impose upon him any requirement which is not required of other employees of comparable position, salary, or grade level;

   (3)   Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

   (4)   Any request for an extension of this stay pursuant to 5 U.S.C. § 1214(b)(1)(B), as amended by Pub L. No. 115-42,[4] and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board and the agency, together with any further evidentiary support, on or before August 31, 2017; and

   (5)   Any comments on such a request that the agency wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) and 5 C.F.R.

---

[4] As passed by the House of Representatives on May 25, 2017, passed by the Senate on June 14, 2017, and signed into law on June 27, 2017.

§ 1201.136(b) must be received by the Clerk of the Board on or before September 7, 2017.


FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.